Smith, J.
On the principle of law, so clearly stated in Judge Swan’s Treatise, pages 547 and 548, we think, the defendant below, Mr. Maxwell, was absolutely precluded from showing as a defense to the action, that when his lessor leased to him the premises in controversy, he had no title to the same, and that he, the defendant, afterwards acquired from the state of Ohio, the right to use so much of the premises as was included within the limits of the basin, it being also shown that the state had at the time defendant leased it from the plaintiff, the same title that it afterwards asserted. The general rule, as stated in Swan, is, “that if the plaintiff proves that the defendant went into possession of the premises as his tenant, it will be no defense, nor ought the defendant be'permitted to prove, that the plaintiff had no title. If the tenant has procured a good title from a stranger, he cannot set it up as against his landlord. A tenant is not *211 permitted to dispute the title under which he himself is in possession. He may however show that he did not enter under, or that in fact he is not the tenant of the plaintiff, or that his landlord’s title expired after the making of the lease, or had been transfered by saje on execution or by operation of law”. We think it clear on the evidence submitted,that the defendant showed no defense to the claim of the plaintiff, so far as the basin tract is concerned.
Lot No. 1 stands on different grounds. This also was leased by plaintiff or his grantor to Maxwell, and rent therefor paid by him to Griftner. But the allegations of the answer as to this tract are, that on the 20th of January, 1891, (which was after he leased the property), the whole of this lot was legally sold by the county treasurer for delinquent taxes thereon, and'was bought by one VanHorne, who assigned all his rights to the defendant, and on March 17, 1894, the premises not having been redeemed, the auditor of Warren county, Ohio, duly and legally made, a deed to him therefor, by virtue of which defendant is the owner of said lot in fee simple, and is entitled to, and is in full possession thereof, and that plaintiff has no title to the lot or to the possession thereof.
Such a defense, if maintained, is a good one, as is clearly stated in the authority before cited. In this case the allegations of this answer were not controverted by a reply, and were therefore admitted, and on the pleadings the defendant would have been entitled to a judgment in his favor as to this lot.
At the trial the defendant offered no evidence as to this defense in chief, though in plaintiff’s evidence in chief he had called defendant aspiis witness, and had him testify as to his tax deed for this lot. In his rebutting evidence, over the objeción and exception of defendant, evidence was offered as to this tax sale, with the view of showing that it was invalid. We think on the state of the pleadings, no *212 issue having been raised as to this, this evidence was incompetent, and should not have been admitted. If the defendant ‘had opened the door by offering evidence on this point, this would have been a waiver, and the court might properly have heard evidence by the plaintiff on the same subject, but he did not do so.
J. D. Miller and J. A. Runyan, attorneys for plaintiff in, error.
Patrióle Qaynor, attorney for defendant in error.
There was a verdict for $16 in favor of plaintiff, for the mesne profits of the two tracts of land sued for; there was no division of this sum, so much for one and so much for the other. If there had been, we would have affirmed the judgment as to the basin lot, and will do so now, if plaintiff will remit this amount. As to the other lot, for the reason assigned, we feel constrained to reverse it, though we are of the opinion that if the evidence in the record as to the tax title were legally there, and was the only evidence on the subject, we would affirm the judgment of the common pleas as to this part of the property also, for the description of the land sold, on the duplicate, was not sufficient, and the evidence does not show such compliance with the provisions of the law, as would make the tax deed by the auditor a good one.
We submit these views for the consideration of counsel, and think it probable that they can agree as to what disposition should be made of the case. If they cannot, we will direct as to this. The judgment should reserve the right of Maxwell after the surrender of the possession of the basin property, to assert his title claimed under the state, and the right, (of the tax deed is held invalid), to assert his claim for . the amount paid for taxes, penalty, etc.